JOE C. LINEBERGER v. COLONIAL LIFE & ACCIDENT INSURANCE
COMPANY

No. 7127DC421

(Filed 4 August 1971)

1. Evidence §§ 28.5, 48; Rules of Civil Procedure § 56— letters from physi-
   cians — incompetency on motion for summary judgment

   Letters written by various physicians relating to their examination
   and treatment of plaintiff, which were produced by plaintiff for de-
   fendant's inspection and copying under court order pursuant to G.S.
   1A-1, Rule 34, were not competent for consideration by the court in
   passing upon defendant's motion for summary judgment, where (1)
   the letters were not under oath and could therefore not be considered
   as affidavits, and (2) the letters contain opinions which would be
   competent in court only if the physicians were established to be medical
   experts, and there was no admission that any of the witnesses were
   medical experts and none of the letters contain information which
   would support a finding that they were.

2. Rules of Civil Procedure § 56— motion for summary judgment — bur-
   den of proof — burden of opposing party

   The burden is on the party moving for summary judgment to
   establish the lack of a triable issue of fact; where the evidentiary mat-
   ter supporting the moving party's motion is insufficient to satisfy his
   burden of proof, it is not incumbent upon the opposing party to present
   any competent counter-affidavits or other materials. G.S. 1A-1, Rule 56.

APPEAL by plaintiff from *Mull, District Judge,* 22 February
1971 Session of District Court held in GASTON County.

On 13 November 1968, defendant issued to plaintiff a com-
prehensive accident indemnity policy providing, among other
things, for indemnity in the event injuries "are sustained by
the Insured and within twenty days from date of accident,
independently of all other causes, wholly and continuously
disable the Insured from performing any and every duty per-
taining to his occupation. . . . "

Plaintiff brought this action on 29 March 1970 seeking
recovery under the above provision on the ground he was totally
and permanently disabled as a result of injuries sustained in
an automobile collision on 21 March 1969.

Upon motion of defendant made under Rule 34 of the North
Carolina Rules of Civil Procedure, the court ordered plaintiff
to produce for defendant's inspection and copying medical re-
ports and records relative to the action. These records, which

plaintiff produced pursuant to the court's order, consist essentially of letters written by various physicians relating to their examination and treatment of plaintiff. Some of the letters tend to show that plaintiff is not totally and permanently disabled, and further, that whatever disability he may have, resulted in part from injuries sustained in a 1952 motorcycle accident.

Defendant moved for summary judgment "in that the pleadings show that there is no genuine issue as to any material fact. . . . " The court allowed the motion and expressly stated in its judgment that the medical reports and records produced by plaintiff were considered in determining that the motion should be allowed. Plaintiff appealed.

*Tim L. Harris by Don H. Bumgardner for plaintiff appellant.*

*Hollowell, Stott & Hollowell by L. B. Hollowell, Jr., for defendant appellee.*

GRAHAM, Judge.

[1]  The only evidence possibly justifying the entry of summary judgment for defendant arose from statements made by several examining physicians in the letters produced by plaintiff for defendant's examination and copying. These letters were not under oath and could therefore not be considered as affidavits. *Ogburn v. Sterchi Brothers Stores, Inc.*, 218 N.C. 507, 11 S.E. 2d 460.

The letters were lacking in still another respect. G.S. 1A-1, Rule 56(e) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, *and shall show affirmatively that the affiant is competent to testify to the matters stated therein.*" (Emphasis added.) The letters in question contain various opinions which the physicians would be competent to relate in court only if they first were established to be medical experts. Stansbury, N. C. Evidence 2d, §§ 133, 135. There was no admission before the court that any of the witnesses were medical experts and none of the letters contain information which would support a finding that they were.

---

Timber Co. v. Smith

---

**[2]** The burden is on the party moving for summary judgment to establish the lack of a triable issue of fact. *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425. Where the evidentiary matter supporting the moving party's motion is insufficient to satisfy his burden of proof, it is not incumbent upon the opposing party to present any competent counter-affidavits or other materials. *Griffith v. William Penn Broadcasting Co.,* (E.D. Pa. 1945), 4 F.R.D. 475. Here defendant did not carry its burden of proof by establishing by competent evidence that there was no triable issue of fact. Hence, judgment granting summary judgment to defendant may not be affirmed, even though defendant failed to come forward with any evidence showing that he is entitled to recover as alleged in the complaint.

Reversed.

Judges BROCK and VAUGHN concur.