BLANCHE F. SHORT v. CITY OF GREENSBORO

No. 7218DC361

(Filed 28 June 1972)

1. **Rules of Civil Procedure § 56— motion for summary judgment — affidavits — unsworn letter**

   An unsworn letter does not meet the requirements of an affidavit and should not be considered by the court in ruling on a motion for summary judgment.

2. **Municipal Corporations § 42— action against city — notice — city charter**

   Sufficiency of notice of a claim against a municipality, before bringing an action for damages, may be determined by the city charter.

3. **Municipal Corporations § 42— action against city — notice to city council — letter to city attorney**

   Letter from plaintiff's attorney to the assistant city attorney expressing an intention to file a claim for damages against the city on behalf of his client as soon as his client was released from further medical treatment, *held* insufficient to comply with a city charter requirement that, prior to the institution of a personal injury action against the city, written notice be given to the city council within six months after the accident of the date and place of injury, the manner of infliction, the character of the injury, and the amount of damage claimed.

4. **Municipal Corporations § 42— action against city — notice — condition precedent**

   Compliance with a city charter requirement that notice of any claim for damages for personal injury be given the governing body of the city within a specified time is a condition precedent to the right to institute action against the city to recover such damages.

APPEAL by plaintiff from *Alexander, District Judge,* 18 October 1971 Session of District Court held in GUILFORD County.

This is a civil action wherein plaintiff Blanche F. Short seeks to recover damages for injury to person and property

allegedly resulting from a collision between an automobile owned and operated by plaintiff and a police car owned by the defendant City of Greensboro and operated by one of its policemen. The defendant filed answer denying the material allegations of plaintiff's complaint, pleaded contributory negligence, alleged a counterclaim against the plaintiff for damage to its police car and pleaded in bar of plaintiff's claim that the plaintiff had failed to give notice of her claim to the defendant within six months of the date of the happening of the injury complained of as provided in sections 7.01 and 7.02 of the Charter of the City of Greensboro. The defendant moved for summary judgment in its favor as to plaintiff's claim on the ground that the defendant had failed to give notice of her claim within six months of the happening of the injury complained of as provided by the Charter of the City of Greensboro. On 29 December 1971, after finding that there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law as to plaintiff's claim, the Court entered summary judgment for defendant as to plaintiff's claim and the plaintiff appealed.

*Walker, Short & Alexander by W. Marcus Short for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill by G. Marlin Evans for defendant appellee.*

HEDRICK, Judge.

The one question presented on this appeal is whether the pleadings and affidavits show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law as to plaintiff's alleged claim.

When a motion for summary judgment is made and supported as provided in Rule 56: "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56 (e). *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147 (1971).

Defendant alleged, and plaintiff denied, that the plaintiff had not given notice of her claim to the City Council in accord-

ance with section 7.02 (a) of the Municipal Charter, which in pertinent part provides:

" . . . (N)o action for damages of any character whatever, to either person or property, shall be instituted against the city unless, within six months after the happening of infliction of the injury complained of, the complainant, his executor, administrator, guardian, or next friend shall have given notice in writing to the Council of the injury, stating in the notice the date and place of the injury, the manner of infliction, the character of the injury, and the amount of damage claimed."

Plaintiff contends (1) that since the City carried liability insurance, its governmental immunity was waived, and the notice prescribed by the charter was not required to the extent of the liability insurance; and (2) that even if notice was required, there had been substantial compliance with the provisions of the charter by the plaintiff's attorney's letter to the Assistant Attorney for the defendant City dated 28 June 1968. We do not agree.

Defendant's motion for summary judgment was supported by an affidavit of the Clerk of the defendant City stating that she had examined the records and minutes of her office and of the City Council and that the plaintiff had not given notice of her claim as provided by the charter. The plaintiff filed no affidavits in response to defendant's motion. However, the plaintiff did present at a hearing on the motion a letter dated 28 June 1968 from her attorney to the Assistant City Attorney stating in pertinent part:

"As soon as the doctor releases my mother from further treatment, then I propose to make claim against the City or its insurance company, St. Paul Insurance Companies, for the amount of her damages."

[1-3] With respect to the form of affidavits to be considered by the Court in determining a motion for summary judgment, Rule 56 (e) in pertinent part provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The unsworn letter in question does not meet the requirements of the rule as a supporting or opposing affidavit and ought not to have been considered by the Court in its ruling on the motion. *Lineberger v. Insurance,* 12 N.C. App. 135, 182 S.E. 2d 643 (1971) ; *Ogburn v. Sterchi Brothers Stores, Inc.,* 218 N.C. 507, 11 S.E. 2d 460 (1940). Nevertheless, even if the letter was competent, we do not think it was sufficient compliance with the requirements of the charter. Sufficiency of a notice of claim against a municipality, before bringing an action for damages, may be determined by the city charter. *Webster v. Charlotte,* 222 N.C. 321, 22 S.E. 2d 900 (1942). This letter is nothing more than an expression of plaintiff's attorney's intention to file a claim for damages against the City on behalf of his client sometime subsequent to 28 June 1968. This letter is not notice in writing to the Council of the injury, the date and place of the injury, the manner of infliction, the character of the injury, and the amount of damage claimed.

[4] Plaintiff cites *Bowling v. Oxford,* 267 N.C. 552, 148 S.E. 2d 624, in support of his contention that the notice prescribed by the charter was not required in this case. Suffice to say the cited case does not support his contention. Compliance with the city charter requirements that notice be given the governing body of the municipality within a specified time, of any claim for damages for personal injury, is a condition precedent to the right to institute action against the municipality to recover such damages. 5 Strong, N.C. Index 2d, Municipal Corporations § 42, p. 718. We hold the pleadings and affidavits disclose that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. The judgment appealed from is

Affirmed.

Judges BRITT and PARKER concur.