EVERETT C. PEACE, JR. v. PEACE BROADCASTING CORPORATION, JOSEPH M. WHITEHEAD, FLOYD M. FOX, JR., AND CLAUDE S. WHITEHEAD, JR.

No. 748SC401

(Filed 7 August 1974)

1. **Evidence § 28.5; Rules of Civil Procedure § 56— motion for summary judgment — affidavit — hearsay — opinions of law**

    Trial court should have stricken portions of an affidavit submitted in support of a motion for summary judgment which were based on hearsay and which gave opinions on the law of another state.

2. **Evidence § 28.5; Rules of Civil Procedure § 56— motion for summary judgment — unsworn affidavit**

    An affidavit not sworn to before a notary or someone authorized to administer oaths should not have been considered in passing upon a motion for summary judgment.

    Judge BRITT concurs in result.

APPEAL by plaintiff from *James, Judge,* 6 September 1973 Session of WAYNE County Superior Court.

In April, 1969, the plaintiff and the individual defendants entered into a preincorporation agreement wherein they agreed to form a corporation for the purpose of acquiring a radio station then known as WGOL in Goldsboro, North Carolina. Peace Broadcasting Corporation was formed as a result of this agreement. In 1969, the radio station was purchased and renamed WYNG. Pursuant to the terms of the agreement the plaintiff was the President of the corporation and owned fifty percent of the stock. The individual defendants were the remaining shareholders. The plaintiff and defendants were to be members of the Board of Directors. The purchase price of the radio station was $160,000.00, part of which was to be paid by the promissory note of the corporation payable to the sellers and endorsed personally by the plaintiff. The corporation also was to execute and deliver a second promissory note in the amount of $50,000.00 payable to the individual defendants with interest. The shares of common stock of the plaintiff were pledged by him to the defendant Whitehead to secure payment of the second note.

The plaintiff alleged that the defendants failed to cooperate with the corporation and failed to put in funds which they had promised thereby creating financial difficulties for the corporation. The defendants alleged that the plaintiff did not properly operate the station and converted some of the corporate funds to his own use. A confession of judgment was entered against the defendant corporation in Virginia in 1972, and the plaintiff's shares of stock were sold at public sale. Subsequently, the individual defendants requested the Federal Communications Commission to transfer the plaintiff's stock into their name.

The complaint alleges seven claims of relief against the defendants. Claim three seeks to enjoin the individual defendants from transferring the plaintiff's shares of stock on the books of the defendant corporation. Claim number seven requests the appointment of a receiver. The remaining claims seek varying amounts of monetary damages.

On 16 August 1973, the defendants filed a motion for summary judgment on the third claim for relief. An affidavit of the defendant Joseph Whitehead was attached to the motion for summary judgment, along with eighteen separate exhibits and a brief in support of the motion. A response to the motion was

filed by the plaintiff along with affidavits, exhibits, and a brief in opposition to said motion.

Subsequently, the plaintiff filed a motion for a preliminary injunction and a motion to amend the complaint. Motions in opposition to this were duly filed by the defendants. The court ordered that the motion to amend the second claim for relief be allowed but that the motion to amend the third claim for relief, the motion seeking the injunction, be denied. The plaintiff filed a motion to strike certain portions of the defendants' motion for summary judgment. This motion was likewise denied. The defendants' motion for summary judgment on the third claim for relief was granted, and the plaintiff's prayers for a temporary and permanent injunction were denied. To this the plaintiff excepted and appealed.

*Dees, Dees, Smith, Powell and Jarrett by Tommy W. Jarrett and James, Williams, McElroy and Diehl by William K. Diehl, Jr., for plaintiff-appellant.*

*Freeman and Edwards by George K. Freeman, Jr., for defendant-appellee.*

CARSON, Judge.

[1]  The plaintiff maintains that the court committed error in denying the motion to strike certain portions of the defendants' motion for summary judgment. The plaintiff filed a response to the motion for summary judgment alleging that there was a disputed issue of material fact and the defendants were consequently not entitled to summary judgment. In addition, the plaintiff moved pursuant to Rules 12(f) and 56(e) of the North Carolina Rules of Civil Procedure to strike certain portions of the affidavit of Joseph M. Whitehead. Rule 56(e) requires that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. A considerable portion of the affidavit was, on its face, based on hearsay evidence and should have been stricken. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971) ; *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970). Furthermore, the affiant gave numerous opinions concerning the law of the Commonwealth of Virginia. There was no stipulation that the affiant was an expert, and absent such a finding by the court,

it was improper to allow him to give opinion evidence. *Lineberger v. Insurance Co.,* 12 N.C. App. 135, 182 S.E. 2d 643 (1971).

[2]    Furthermore, the affidavit was not sworn to before a notary or someone authorized to administer oaths. While this was apparently inadvertence on the part of the person preparing the affidavit, letters which are not under oath may not be considered as affidavits. *Ogburn v. Sterchi Brothers Stores, Inc.,* 218 N.C. 507, 11 S.E. 2d 460 (1940) ; *Short v. City of Greensboro,* 15 N. C. App. 135, 189 S.E. 2d 560 (1972). Since the document itself was not admissible because of the failure to have it notarized, the attachments to it were likewise inadmissible.

If the purported affidavit and its attachments were not to be considered by the trial court, there was insufficient evidence for the court to grant the motion for summary judgment. The deposition of the defendant Joseph M. Whitehead was insufficient by itself to support the summary judgment. *Savings and Loan Assoc. v. Trust Co.,* 282 N.C. 44, 191 S.E. 2d 683 (1972) ; *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

For these reasons the summary judgment on the third claim for relief must be vacated.

Judgment vacated.

Judge HEDRICK concurs.

Judge BRITT concurs in result.