LIZZIE SMITH, ADMINISTRATRIX OF THE ESTATE OF SHIRLEY HUDSON, PLAINTIFF v. INDEPENDENT LIFE INSURANCE COMPANY AND JOHN RAY, THE ADMINISTRATOR OF THE ESTATE OF WILLIAM EARL WILLIAM AKA WILLIAM EARL HUDSON, DEFENDANTS

No. 7826SC1100

(Filed 16 October 1979)

1. **Appeal and Error § 2; Rules of Civil Procedure § 12— appeal from each part of order required—defense merged with summary judgment motion**

An appellant must appeal from each part of the judgment or order appealed from which appellant desires the appellate court to consider in order

for the appellate court to be vested with jurisdiction to determine such matters; however, because defendants' G.S. 1A-1, Rule 12(b)(6) defense was converted and merged automatically into their Rule 56 motion, plaintiff's failure to mention specifically in her notice of appeal that portion of the trial court's order sustaining defendants' defense under Rule 12(b)(6) did not deprive the Court of Appeals of jurisdiction to hear plaintiff's appeal.

### 2. Appeal and Error § 14— notice of appeal—sufficiency

A notice of appeal should be deemed sufficient to confer jurisdiction on the appellate court on any issue if, from the content of the notice, it is likely to put an opposing party on guard the issue will be raised.

### 3. Insurance § 35; Evidence § 28.1— life insurance—automobile collision—insured driver and insured passenger killed—driver not disqualified from collecting proceeds

The evidence on motion for summary judgment did not present a genuine issue of fact as to whether an automobile driver was barred from receiving the proceeds of policies insuring the life of a passenger on the ground that the passenger's death was caused by the driver's culpable negligence where the materials presented by defendants tended to show that the driver did not intentionally cause the collision in which the insured passenger was killed but simply lost control of his car, and the unsworn report of the investigating officer which plaintiff offered to show culpable negligence was hearsay and could not be considered on motion for summary judgment.

APPEAL by plaintiff from *Hasty, Judge*. Order entered 6 July 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 August 1979.

The plaintiff Lizzie Smith (Smith), Administratrix of the Estate of Shirley Hudson (Hudson) instituted this action against the defendants Independent Life Insurance Company (Independent) and John Ray (Ray), Administrator of the Estate of William Earl William, aka William Earl Hudson (William) for the proceeds of life insurance policies. In her verified complaint plaintiff alleged, *inter alia*, that Hudson was the beneficiary of three policies of life insurance on the life of William, each policy providing a $1,000 death benefit with a double indemnity clause in case of death by accidental means; that William was the beneficiary of three life insurance policies on the life of Hudson with the same death benefit and double indemnity provision; that on 27 September 1975 Hudson was riding in an automobile owned and operated by William and both were killed when their car crossed the center line of the road and struck another vehicle; that In-

dependent paid the estate of William the sum of $6,000 on the policies naming William the beneficiary of Hudson's policies, and $6,000 on the policies naming Hudson the beneficiary of William's policies; that since William caused the death of Hudson and Hudson predeceased William the proceeds of all the policies should have been paid to Hudson's estate; and that Independent dealt with plaintiff in bad faith and was thereby liable to the plaintiff for punitive damages. Plaintiff demanded $12,000 on the insurance policies and $12,000 punitive damages.

Defendant Independent answered admitting the existence and terms of the insurance policies; that an accident occurred in a car owned and driven by William in which Hudson was a passenger; and that both Hudson and William were killed in this accident. Independent denied William caused the accident, but admitted it had paid the proceeds of all the policies to the estate of William. Independent further defended that it had properly made payment to the administrator of William's estate; that William was not a "slayer" within the provisions of Article 3 of Chapter 31A of the North Carolina General Statutes and even if William should be determined to be a "slayer" under G.S. 31A-11 its payment to William's estate should not subject it to additional liability since payment was made according to the policy and without notice of the circumstances tending to bring payment within the provisions of Chapter 31A. Additionally, Independent defended on grounds plaintiff's complaint failed to state a claim upon which relief could be granted under G.S. 1A-1, Rule 12(b)(6). Independent cross-claimed against the defendant estate of Hudson for the insurance proceeds it had paid that estate on grounds of unjust enrichment and the estate of William admitted receiving $12,000 in insurance proceeds, but denied it was liable to Independent for any amount Independent might be found liable to Hudson's estate. The defendant estate of William answered plaintiff's complaint, additionally defending on grounds that it failed to state a claim upon which relief could be granted.

Pursuant to G.S. 1A-1, Rule 56 both defendants moved for summary judgment and supported the motion with affidavits of the driver of the vehicle which collided with the car in which Hudson and William were driving and the affidavit of an officer in the claims department of Independent. Plaintiff submitted her own affidavit in opposition to the motion. Based on the pleadings,

affidavits and discovery, the trial court, by order of 6 July 1978, granted the motions of both defendants for summary judgment and sustained the defense of both defendants that plaintiff's complaint failed to state a claim upon which relief could be granted. On 7 July 1978 plaintiff gave notice of appeal to this Court from Judge Hasty's order of the previous day, although the notice mentioned only "Defendants' Motions for Summary Judgment," without reference to the trial court's action sustaining the defense of both defendants that the complaint failed to state a claim upon which relief could be granted.

*William D. McNaull, Jr., Patricia E. King, and Reginald L. Yates, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by Joseph B. C. Kluttz and William C. Livingston, for defendant appellee The Independent Life and Accident Insurance Company.*

*Myers, Ray and Myers, by Charles T. Myers, for defendant appellee John Ray.*

WELLS, Judge.

We deal first with the defendants' contention that the failure of plaintiff to specifically mention in her notice of appeal that specific portion of Judge Hasty's order of 6 July 1978 sustaining defendants' defense under G.S. 1A-1, Rule 12(b)(6), deprives this Court of jurisdiction to hear plaintiff's appeal from this part of the order. Plaintiff's appeal would be meaningless if we were to agree with defendants' arguments since the trial court's granting of defendants' Rule 12(b)(6) motion would be sufficient in itself to terminate plaintiff's action.

[1] We acknowledge that the appellant must appeal from each part of the judgment or order appealed from which appellant desires the appellate court to consider in order for the appellate court to be vested with jurisdiction to determine such matters. N.C. Rules of Appellate Procedure, Rule 3(d). However, in the instant case, defendants' Rule 12(b)(6) defense was converted and merged automatically into their Rule 56 motion. The last sentence of Rule 12(b) states:

> If, on a motion asserting the defense, numbered (6), to dismiss for failure of a pleading to state a claim upon which

relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all the parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This last sentence is identical to the last sentence of Rule 12(b) of the Federal Rules of Civil Procedure. The courts of both this State as well as those in the Federal system have determined that Rule 12(b)(6) motions are automatically converted into Rule 56 motions if matters outside the pleadings are presented to and not excluded by the trial court. *Carter v. Stanton*, 405 U.S. 669, 31 L.Ed. 2d 569, 92 S.Ct. 1232 (1972); *Booker v. Everhart*, 33 N.C. App. 1, 234 S.E. 2d 46 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E. 2d 360 (1978); *In re Will of Edgerton*, 26 N.C. App. 471, 216 S.E. 2d 476 (1975); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1366, p. 679 (1969); Shuford, N.C. Civil Practice and Procedure § 12-10, pp. 108-109 (1975). The fact that the trial court labeled the defense in the order as one for failure to state a claim does not prevent us from regarding it as one for summary judgment. *Dorado v. Kerr*, 454 F. 2d 892 (9th Cir. 1972), *cert. denied*, 409 U.S. 934, 34 L.Ed. 2d 188, 93 S.Ct. 244 (1972).

Since in the present case the order of the trial court clearly stated it had considered affidavits and discovery in addition to the pleadings, we treat the defendants' Rule 12(b)(6) defense which that court sustained as having been converted and merged into defendants' motion for summary judgment. Plaintiff gave sufficient notice of appeal to vest the Court of Appeals with jurisdiction to consider the summary judgment issue.

Moreover, even if there had not been a merger of defendants' Rule 12(b)(6) and 56 defense and motions, plaintiff's notice of appeal gave defendants sufficient notice to confer this Court with jurisdiction over the entire cause. Rule 3(d) of the N.C. Rules of Appellate Procedure requires merely that the notice of appeal, "designate the judgment or order from which appeal is taken. . . ." The Drafting Committee's commentary to subdivision (d) makes specific reference to Rule 3(c) of the Federal Rules of Appellate Procedure and states:

Federal courts under a comparable rule have not commonly treated any but the most misleading error in the required specification as vitiating the appeal. See, e.g., *Higginson v. U.S.*, 384 F. 2d 504 (6th Cir. 1967) (wrong order designated; deemed corrected by correct identification in brief); *Graves v. General Insurance Corp.*, 381 F. 2d 517 (10th Cir. 1967) (designation of wrong court harmless under circumstances).

The Federal Rule 3(c) requires designation in the notice of appeal of "the judgment, order or part thereof appealed from. . . ."

[2]   It is apparent that a notice of appeal should be deemed sufficient to confer jurisdiction on the appellate court on any issue if, from the content of the notice, it is likely to put an opposing party on guard the issue will be raised:

[T]he [Federal] courts of appeals have in the main consistently given a liberal interpretation to the requirement of Rule 3(c) that the notice of appeal designate the judgment or part thereof appealed from. The rule is now well settled that a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake. Decisions to the contrary can no longer be regarded as authoritative.

9 Moore's Federal Practice ¶ 203.18, pp. 754-755 (2d ed. 1975). *See also, Forman v. Davis*, 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). In the case at bar plaintiff specified the particular order appealed, and this order granted both of the defendants' motions. Plaintiff's obvious intent could not have been to challenge only part of this order where the portion not challenged was sufficient to dismiss her entire claim. Defendants do not and cannot allege plaintiff's notice of appeal did not put them on notice plaintiff was appealing the entire order entered by Judge Hasty on 6 July 1978.

[3]   Having determined that defendants' Rule 12(b)(6) defense was converted and merged into their Rule 56 motion for summary judgment, we proceed to examine whether summary judgment was properly granted by the trial court. In support of defendants'

motion the defendants submitted the deposition of Phillip M. Hughes, the driver of the car with which the William vehicle collided. The affidavit stated in pertinent part:

> When I first observed the approaching automobile, it was near the center line. The driver appeared to steer the approaching automobile back towards its right, and then the rear end of the approaching automobile began to "fishtail" at a time when we were only some 150 feet apart. The approaching car then went to its left, and in front of me.

> The driver of the approaching car appeared to be fighting the steering wheel, attempting to get his car under control.

> I drove as far to the right as I could, and the front of my car collided with the right hand side of the approaching vehicle.

> I did not observe anything which would indicate that there was any intention on the part of the driver of the approaching automobile to cause a collision. On the other hand, it appeared that for some reason he simply lost control of it and the car crossed the center line and got into my lane of travel.

> I would estimate the speed of the approaching car when I first observed it as being 55 or 60 mph.

The observations of witness Hughes that he observed nothing which would indicate William intentionally caused the collision and that William simply lost control of his vehicle present a prima facie case that William was guilty of simple negligence only, and was not guilty of the culpable negligence required to bar him and his estate from receiving the controverted insurance proceeds. Since Hughes had no apparent interest in minimizing the negligence of William and plaintiff fails to raise Rule 56(f) as a defense, summary judgment would be proper if plaintiff failed to come forth with papers showing a material issue of fact existed. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Having presented such a prima facie case, it then became incumbent on the plaintiff to show, by a forecast of evidence, that a material issue of fact remained. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

Plaintiff in her brief abandons any contention William was a "slayer" pursuant to G.S. 31A-3(3). Plaintiff only alleges that William was culpably negligent under our common law. Our Supreme Court has held that Chapter 31A did not wholly supplant the common law in barring a beneficiary from receiving the proceeds of insurance contracts where the beneficiary was culpably negligent in bringing about the death of the insured. *Quick v. Insurance Co.*, 287 N.C. 47, 213 S.E. 2d 563 (1975). The Court in *Quick* defined "culpable negligence" as conduct incompatible with a proper regard for human life. *Id.*, 287 N.C. at 59, 213 S.E. 2d at 570-571. *See also,* Note, "Decedants' Estates—Forfeitures of Property Rights by Slayers," 12 Wake Forest L. Rev. 448 (1976).

In support of her position that plaintiff presented a sufficient forecast of evidence of William's culpable negligence, plaintiff points to portions of the affidavits of Hughes and V. Roger duPont, both of which were submitted by the defendants. We note in general that a material issue of fact need not be found in the papers of the party opposing a motion for summary judgment, but may be shown in the papers of the movant himself. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). Attached to duPont's affidavit is the accident report of the investigating police officer stating that William had been intoxicated to the point where his driving ability was impaired; that the vehicle was traveling sixty miles per hour in a fifty-five zone; and that the William vehicle left 210 feet of skid marks and traveled fifty feet after the collision. However, the unsworn accident report of an investigating officer is hearsay, and as such could not be considered by the trial court on motion for summary judgment. G.S. 1A-1, Rule 56(e); *Peace v. Broadcasting Corp.*, 22 N.C. App. 631, 207 S.E. 2d 288 (1974); *Lineberger v. Insurance Co.*, 12 N.C. App. 135, 182 S.E. 2d 643 (1971).

Plaintiff also refers to those portions of the Hughes affidavit stating that the William vehicle fishtailed as the vehicles approached 150 feet of one another; that the William vehicle then veered to its right and then across the center line in front of the Hughes vehicle; that William appeared to be fighting the steering wheel to bring the vehicle under control; that despite Hughes' efforts to avoid the collision by pulling as far to the right of the road as he could the collision nonetheless occurred; that it ap-

peared as if William had lost complete control over his vehicle; and that the speed of the approaching William vehicle was between fifty-five and sixty miles per hour.

A survey of the North Carolina case law regarding the elements of culpable negligence reveals no case finding culpable negligence in the absence of either wilful or wanton conduct. *See e.g., Ingle v. Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265 (1967). We do not read *Quick v. Insurance Co.*, 287 N.C. 47, 213 S.E. 2d 563 (1975), cited by both plaintiff and defendants, as stating anything to the contrary. In *Quick* our Supreme Court held that an insurance contract beneficiary convicted of involuntary manslaughter could be disqualified from receiving the proceeds of the decedant's policy. While involuntary manslaughter may result from unintentional conduct, the decedant's death ordinarily results from wanton or reckless conduct. In determining that the offense of involuntary manslaughter was not a "slaying" under G.S. 31A-3(3)a, Justice Copeland, writing for the Court, commented, 287 N.C. at 53, 213 S.E. 2d at 563:

> In many cases, the crime arises when the evidence tends to show that the actor's unlawful killing of the victim was caused by his unjustified and wanton or reckless use of a weapon in such a manner as to jeopardize the decedant's safety.

The Supreme Court held in *Quick* that, under the circumstances surrounding the killing in that case, the trial court was justified in disqualifying the insurance contract beneficiary. None of the cases plaintiff brings to our attention has held that culpable negligence requires less than wanton or wilful conduct.

We do not see where the portions of Hughes' affidavit highlighted by plaintiff present a forecast of evidence tending to show conduct of William incompatible with a proper regard for human life. Even if William had exceeded the speed limit by five miles, fishtailed his vehicle just prior to the collision, fought the steering wheel to gain control of his vehicle but nonetheless lost such control, it cannot logically be inferred from these actions, individually or collectively, that William was guilty of culpable negligence.

Affirmed.

Judges CLARK and ERWIN concur.