**FIRST AMERICAN BANK OF VA. v. CARLEY CAPITAL GROUP**

[99 N.C. App. 667 (1990)]

FIRST AMERICAN BANK OF VIRGINIA v. CARLEY CAPITAL GROUP, JAMES
E. CARLEY AND L. DAVID CARLEY

No. 8926SC989

(Filed 7 August 1990)

1. **Appeal and Error § 204 (NCI4th) — Rule 11 sanctions — notice of appeal — sufficient**

An attorney's notice of appeal was sufficient to put plaintiff on notice that both the 25 May 1989 order determining that sanctions were appropriate under N.C.G.S. § 1A-1, Rule 11 and the 16 June 1989 order determining the type and amount of sanctions were being appealed.

**Am Jur 2d, Appeal and Error § 319.**

2. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — not warranted**

Defenses asserted to an action to enforce a Virginia judgment on a note were not so outside the bounds of reasonableness as to warrant sanctions under Rule 11 where defendants' attorney, Williams, asserted various defenses on three grounds: the interest rate and attorney fees allowed under the Virginia judgment were in violation of North Carolina's public policy; the lack of personal jurisdiction, asserted upon a reasonable factual basis; and plaintiff's failure to register with the Secretary of State's office.

**Am Jur 2d, Judgments §§ 965, 1236; Pleadings §§ 55, 130.**

Judge GREENE dissenting.

APPEAL by defendants' counsel Neil C. Williams from orders entered 25 May 1989 and 16 June 1989 by *Judge Frank W. Snepp* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 15 March 1990.

This case began as an action to enforce a judgment entered against defendants in Virginia but this appeal is from orders sanctioning counsel for defendants pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. Defendants are a Wisconsin general partnership and two of its partners that own property in Mecklenburg County, North Carolina. Attorney Neil C. Williams answered plaintiff's complaint on defendants' behalf and asserted

the defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim upon which relief could be granted and contravention of public policy if North Carolina accorded the Virginia judgment full faith and credit.

On 28 February 1989 the trial court granted plaintiff's motion for summary judgment. On its own initiative the trial court entered an order in which it stated that counsel for defendants "is hereby ordered and notified to appear on April 5, 1989 at 9:00 a.m. . . . and show cause as to why he should not be sanctioned pursuant to Rule 11(a) of the North Carolina Rules of Civil Procedure for signing and filing the Answers of the Defendants that contain defenses to the Plaintiff's claim that do not appear to be well grounded in law." After the April hearing the trial court entered a memorandum opinion on 25 May 1989 in which it found counsel did not make a reasonable inquiry to determine that the defenses asserted were well grounded in fact and warranted by existing law or a good faith argument for its extension, modification or reversal. The trial court found that the appropriate sanction was payment of plaintiff's expenses incurred because of the filing of the pleadings. The trial court set the matter to be heard during the week of 12 June 1989 to determine plaintiff's reasonable expenses. After the June hearing defendants' counsel was ordered to pay plaintiff $1,250.00 as sanction for violation of Rule 11. Defendants' counsel, through their attorney, gave oral notice of appeal.

*John J. Parker, III for plaintiff-appellee.*

*J. J. Wade, Jr. for appellant Neil C. Williams.*

EAGLES, Judge.

This appeal presents two issues for review. First, whether Williams' oral notice of appeal was sufficient to appeal from both the order entered 25 May 1989 and the order entered 16 June 1989. Second, whether the imposition of sanctions under Rule 11 was appropriate in this case. We find that this appeal presents both the 25 May and 16 June 1989 orders for review and that the trial court erred in imposing sanctions on Williams. Therefore, we vacate the 25 May and 16 June 1989 orders.

I. Notice of Appeal.

[1]        Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil

action or special proceeding during a session of court may take appeal by . . . [g]iving oral notice of appeal at trial . . . .

G.S. 1-279(a)(1) (repealed effective 1 July 1989); App. R. 3(a)(1) (amended 1988, quoted version effective for all orders and judgments entered before 1 July 1989). "It is apparent that a notice of appeal should be deemed sufficient to confer jurisdiction on the appellate court on any issue if, from the content of the notice, it is likely to put an opposing party on guard the issue will be raised[.]" *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979). We find that Williams' notice of appeal was sufficient to put plaintiff on notice that both the 25 May 1989 order determining that sanctions were appropriate and the 16 June 1989 order determining the type and amount of sanction being imposed were being appealed.

The record reflects that Williams made a motion under Rule 59 for reconsideration of the 25 May 1989 order imposing the Rule 11 sanctions and the trial court denied the motion at the June hearing. There the court examined the plaintiff's attorney's affidavit regarding the amount of time spent preparing a response to the answer and the hourly rate plaintiff's attorney charged. The following exchange occurred in open court.

THE COURT: . . . I think what happened, you were confronted with what we all used to be confronted with, a fellow sued on a Note and to get some time you just entered a general denial. Well, Rule 11 doesn't let lawyers do that anymore and there is a reason for it. The public just got fed up with things like that and the time it takes with useless litigation and so the Legislature, following the rules of the Federal Government[,] adopted Rule 11. And every lawyer has got to make reasonable investigation as to the law and the facts before he files any paper containing any allegation at all. And I don't want to punish you, but I do want to give a clear signal, and I know lawyers that I don't expect them to know much better than that, but I've got to send a signal to lawyers that I've got a great deal of respect for. I'm sorry you turned out to be the one.

I find that the labor occasioned by the violation of Rule 11 on the part of [sic] the reasonable time would be ten (10) hours and a reasonable fee of $125.00 an hour and IT IS

ORDERED that that be paid to the Plaintiff, Counsel for the Defendant, within thirty (30) days—total sum of $1250.00[ ] as partial reimbursement for the expense of defending this Motion for Summary Judgment [sic].

MR. WADE: Your honor, Mr. Williams, through me, would not offend Your Honor if we gave Notice of Appeal, would he?

THE COURT: No.

* * *

MR. WADE: Your Honor, we, on behalf of Mr. Williams do give Notice of Appeal.

Plaintiff does not argue that Williams' notice of appeal did not put it on notice that Williams was appealing the imposition of Rule 11 sanctions as well as the amount of the sanctions. We find Williams' notice sufficient to appeal both orders.

Parenthetically, we note that effective for judgments entered on or after 1 July 1989, notice of appeal in civil cases must be in writing and must specify the party or parties appealing, the judgment or order from which appeal is taken and the court to which appeal is taken. App. R. 3(c). The question presented by Williams' oral notice of appeal is not likely to occur again.

## II. Imposition of Sanctions.

[2]   G.S. 1A-1, Rule 11(a) provides, in part, that:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A decision by the trial court to impose or not to impose sanctions under Rule 11 is reviewable *de novo* by this court. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judg-

**FIRST AMERICAN BANK OF VA. v. CARLEY CAPITAL GROUP**

[99 N.C. App. 667 (1990)]

ment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence.

*Id.* We find insufficient evidence in the record to support the trial court's findings of fact and therefore vacate the orders entered 25 May and 16 June 1989.

With respect to defendants' defense of lack of subject matter jurisdiction, the court found that Williams made no attempt to find any legal authority to support the defense. However, the transcript reveals that Williams researched whether public policy of North Carolina would be a defense to the full faith and credit action. Williams was concerned that the amount of interest allowed under the Virginia judgment and the attorney fees allowed there would be contrary to the public policy of North Carolina as expressed in G.S. 6-21.2 (attorney fees not in excess of 15% of outstanding balance) and G.S. 24-1 (interest on judgments at 8%). Williams also found cases in which the court stated that it would not entertain suits from other states that contravene the public policy of North Carolina. Although admittedly none of those cases were factually similar to the case here, the cases were arguably supportive of arguments for the extension of existing law. The trial court's finding is not supported by a sufficiency of the evidence.

Williams also excepted to the following finding of fact:

With respect to Carley's 12(b)(2) motion, Mr. Williams admitted under oath that the transaction of business by Carley in, and contacts with Mecklenburg County, was such as to be common knowledge.

Apparently the trial court determined that defendants' defense of lack of personal jurisdiction was baseless. Williams testified that he asserted the defense of lack of personal jurisdiction based

on the fact that no defendant is a resident of North Carolina. They were not served in North Carolina. They owned property here. There is a case, the Georgia Railroad Bank case, that says owning property in North Carolina is not sufficient. And that's the case I was looking at at the time. Now, Mr. Parker [plaintiff's attorney] came along later after I interposed that defense, and said that they're involved in a great deal more activity than that.

Thereafter the court stated that "[a]nybody who reads the newspaper in this city knows that Carley Capital Group is doing business in the city of Charlotte, don't they?" The record before us does not support the finding that Williams "admitted under oath" that defendants' transactions and contacts with Mecklenburg County were common knowledge. The trial court's finding of an admission is not supported by the evidence.

The trial court also found that Williams had failed to make any investigation to determine whether plaintiff "was subject to the provisions of N.C.G.S. 55-154(a) by 'transacting business' in North Carolina under G.S. 55-131." Williams testified that he asserted the defense based on his investigation which revealed that plaintiff was not registered with the North Carolina Secretary of State's office to transact business in North Carolina. Williams testified that from the complaint he inferred that plaintiff loaned money to others and those facts could qualify as "transacting business" in North Carolina. Williams also testified that he planned to question plaintiff during discovery to determine the amount of business, if any, it transacted in North Carolina. We find that Williams' actions in this regard were sufficient to comply with the statutory requirements of Rule 11.

The trial court also found that:

Mr. Williams did not make any investigation with respect to Carley's 12(b)(6) motion, and Bank's Complaint on its face conclusively shows that a claim for relief was stated.

There is no basis in the record for the finding that Williams did not make any investigation to support this defense. From this record it appears that the basis for the Rule 12(b)(6) defense was not inquired into during the June hearing. This finding of fact is not supported by sufficient evidence.

It is clear from the record before us that Williams asserted the various defenses based on three distinct grounds. One has been termed "public policy" by the trial court and the parties. Williams asserted that the interest rate and attorney fees allowed under the Virginia judgment would not be enforced by a North Carolina court because they were in violation of this State's public policy. Williams also asserted the lack of personal jurisdiction defense on a reasonable factual basis. Finally, Williams asserted a defense based on plaintiff's failure to register with the Secretary of State's

FIRST AMERICAN BANK OF VA. v. CARLEY CAPITAL GROUP

[99 N.C. App. 667 (1990)]

office. We cannot say that these defenses were so outside the bounds of reasonableness as to warrant sanctions under Rule 11.

Accordingly, the 25 May and 16 June 1989 orders are vacated.

Vacated.

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's conclusion that "this appeal presents both the 25 May and 16 June 1989 orders for review . . ." Because I believe plaintiff appealed only the 16 June 1989 order, I would not address the merits of the assignments of error relating to the 25 May 1989 order.

I

Notice of Appeal

First, there is no dispute that Williams was the proper party to appeal the court's sanction orders. See Carawan v. Tate, 304 N.C. 696, 700, 286 S.E.2d 99, 101 (1982) (only an aggrieved real party in interest may appeal a judgment); DeLuca v. Long Island Lighting Co., Inc., 862 F.2d 427, 429 (2d Cir. 1988) (the sanctioned attorney is the party in interest and must appeal in his or her name).

Williams gave only oral notice of appeal after the court's entry of its 16 June 1989 order, and oral notice of appeal "is by its nature limited to the issues dealt with in the *judgment announced* . . ." *Brooks, Com'r of Labor v. Gooden*, 69 N.C. App. 701, 706, 318 S.E.2d 348, 352 (1984) (emphasis added). This strict construction of oral notice of appeal is in contrast with the "liberal construction of rules governing *written* notice of appeal." *Id.*, at 707, 318 S.E.2d at 352 (emphasis in original). The distinction between appellate construction of oral and written notice of appeal is illustrated by close analysis of the *Smith* decision, upon which the majority relies in 'deeming sufficient' Williams's oral notice. *Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 258 S.E.2d 864 (1979). In the *Smith* decision, plaintiff gave *written* notice of appeal which did not specifically designate "the judgment, order or part thereof appealed from," as required by N.C.R. App. P. 3(d). *Id.*, at 274,

258 S.E.2d at 867. N.C.R. App. P. 3(d) applies only to *written* notices of appeal, and the drafting committee's commentary on subdivision 3(d) refers to Federal Rule of Appellate Procedure 3(c), which allows *only written* notice of appeal. *Id.*, at 273-74, 258 S.E.2d at 867. According to the *Smith* decision and appellate practice, 'designation' in written appeal is subject to liberal interpretation, but according to this court's *Brooks* decision, oral notice of appeal is not.

Moreover, it is irrelevant that the majority opinion points out that "Williams made a motion under Rule 59 for reconsideration of the 25 May 1989 order imposing the Rule 11 sanctions and the trial court denied the motion at the [16] June [1989] hearing" because Williams did not appeal the court's denial of his Rule 59 motion. Even had Williams included appeal of the denial of his Rule 59 motion in his oral notice of appeal, notice of appeal from the court's denial of the post-verdict motion would not be an appeal of the underlying order which was the subject of the motion. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422, 424 (1990) ("notice of appeal from denial of a [Rule 60] motion to set aside a judgment [or Rule 59 motion to reconsider] which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review"), citing *Chapparal Supply v. Bell*, 76 N.C. App. 119, 120, 331 S.E.2d 735, 736 (1985).

Assuming *arguendo* that oral notice is subject to liberal construction, "we may liberally construe a [written] notice of appeal in one of two ways to determine whether it provides jurisdiction ... [f]irst, [if there has been] 'a mistake in designating the judgment' ... [and s]econd, if a party technically fails to comply · with procedural requirements ... [but] accomplishes the 'functional equivalent' of the requirement." *Von Ramm*, 392 S.E.2d at 424 (citations omitted) (emphasis deleted). Here, there is no indication or argument that Williams was *mistaken* in designating the judgment from which he gave notice of appeal, or that he *technically* failed to comply with procedural requirements, and thus we have no basis for liberally construing his notice of appeal.

Finally, although the 1989 amendment of N.C.R. App. P. 3 eliminates oral notice of appeal, and this "question is not likely to occur again," the unlikelihood of recurrence .is an insufficient reason for changing the rules for construing oral and written notice.

Therefore, I believe that this court has no jurisdiction for review of the 25 May 1989 order in which the court decided to impose and selected the form of the sanction. This court has jurisdiction only for appeal of the 16 June 1989 order determining the reasonable amount of plaintiff's attorney fees.

## II

### 16 June 1989 Order

Upon limited review of Williams's appeal of the 16 June 1989 order, I would vote to vacate and remand the court's determination of the amount of Rule 11 sanction, because the court did not make necessary findings of fact to support the order.

Rule 11 provides in pertinent part:

> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the *reasonable* expenses incurred because of the filing of the pleading, motion, or other paper, including a *reasonable* attorney's fee.

N.C.G.S. § 1A-1, Rule 11(a) (1989). Because the award must be 'reasonable,' the record must contain findings of fact to support the award for this court to determine if the award of attorney fees is 'reasonable.' *See Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E.2d 120, 125 (1987).

Factors used to determine whether an attorney fee is reasonable include: "time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, or the experience and ability of the attorney." *Id.*, at 387, 358 S.E.2d at 126.

Here, the court's findings of fact are silent on the customary fee for like work, plaintiff's attorney's experience and ability, and the amount of time and labor expended.