IN THE MATTER OF HERMAN BARNHILL

No. 8412DC403

(Filed 5 February 1985)

**Insane Persons § 1.2— involuntary commitment—no examination by second physician—commitment improper**

The trial court erred in involuntarily committing respondent to a hospital for treatment where the person who initially petitioned for issuance of a custody order was a doctor, but there was no indication in the record that a second qualified physician examined respondent as required by G.S. 122-58.3(d).

APPEAL by respondent from *Cherry, Judge.* Order entered 10 February 1984 in District Court, CUMBERLAND County. Heard in the Court of Appeals 15 January 1985.

Respondent appealed from an order of involuntary commitment, committing him to HSA Cumberland in Fayetteville, North Carolina, for hospitalization and treatment for a sixty-day period, pursuant to N.C. Gen. Stat. Sec. 122-58.7.

*Attorney General Rufus L. Edmisten, by Associate Attorney T. Byron Smith, for the State.*

*Michael O'Foghludha, Assistant Public Defender, for respondent, appellant.*

HEDRICK, Chief Judge.

N.C. Gen. Stat. Chap. 122, Article 5A, establishes the procedures to be followed in involuntary commitment of the mentally ill to inpatient mental health facilities. G.S. 122-58.3 sets out the mechanism by which a "person who has knowledge of a mentally ill . . . person" may petition a district court magistrate for "issuance of an order to take the respondent into custody for examination by a qualified physician." G.S. 122-58.4(b1) details the nature and extent of the examination; G.S. 122-58.6 specifies that, following examination, the physician shall determine which of several enumerated conditions exist. Should he conclude that the respondent is mentally ill or an inebriate and is dangerous to himself or others, the physician is to "hold the respondent at the facility pending the district court hearing." G.S. 122-58.7 provides that the district court hearing shall be held within ten days.

In the instant case the person with knowledge of a mentally ill person who initially petitioned for issuance of a custody order was Dr. Robert Blackburn, Medical Director of the Chemical Dependency Unit at HSA Cumberland. G.S. 122-58.3(d) contains the following provision:

If a physician executes an affidavit for inpatient commitment of a respondent, a *second* qualified physician shall be required to perform the examination required by G.S. 122-58.6.

(Emphasis added.) Examination of the record reveals no indication that this statutory provision was complied with in the instant

case. Other than respondent, Dr. Blackburn was the only witness who testified at the district court hearing. The court's finding of fact that "Respondent was examined by a qualified physician at HSA Cumberland . . . whose professional opinion is that Respondent is mentally ill or inebriate and is a danger to himself and others and recommends involuntary hospitalization," is clearly based on Dr. Blackburn's testimony.

Petitioner contends that the record shows compliance with statutory provisions in that Dr. Blackburn testified that "I gave [respondent] under the care of Dr. Gomez, as I am not a psychiatrist." The above-quoted testimony contains the sole reference in this record to Dr. Gomez. We think it clear beyond peradventure that this testimony falls far short of establishing that "a second qualified physician . . . perform[ed] the examination required by G.S. 122-58.6." Our courts have held that the requirements of G.S. 122-58.3 must be followed diligently. *In re Reed*, 39 N.C. App. 227, 249 S.E. 2d 864 (1978). *See also In re Hernandez*, 46 N.C. App. 265, 264 S.E. 2d 780 (1980). Because the record shows that the statutory requirements were not complied with, we hold the order entered by the court must be vacated.

Our disposition of this case renders unnecessary a discussion of respondent's remaining assignments of error.

Vacated.

Judges WHICHARD and PARKER concur.