IN THE MATTER OF: RUBY BENNETT INGRAM

No. 8421DC763

(Filed 7 May 1985)

**1. Insane Persons § 1— involuntary commitment—petition not duly sworn**

A petition for involuntary commitment was insufficient where it was not confirmed by oath or affirmation before a duly authorized certifying officer as G.S. 122-58.3(a) requires.

**2. Insane Persons § 1— involuntary commitment—insufficiency of petition**

A statement in a petition for involuntary commitment that respondent "has strange behavior and irrational in her thinking" was a pure conclusion which was insufficient to establish reasonable grounds for issuance of the commitment order. Further statements that respondent "[l]eaves home and no one knows of her whereabouts, and at times spends the night away from home. Accuses husband of improprieties," did not establish facts tending to show that respondent is mentally ill or dangerous to herself or others and were also insufficient to establish reasonable grounds for issuance of a commitment order.

APPEAL by respondent from *Alexander, Judge.* Order entered 3 May 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 6 March 1985.

Respondent's husband filed an unsworn petition for involuntary commitment alleging that respondent is "a mentally ill . . . person who is dangerous to [her]self or others." The "facts" on which the petition was based were stated as follows: "Respondent has strange behavior and irrational in her thinking. Leaves home and no one knows of her whereabouts, and at times spends the night away from home. Accuses husband of improprieties."

The district court, after receiving evidence from petitioner and respondent, made findings that respondent "has . . . acted in such manner as to evidence that [s]he would be unable without care, supervision, and the continued assistance of others to . . . satisfy [her] need for nourishment, personal or medical care, shelter, safety, and protection . . . in that [she] wanders away

from home, threatens violence to others[,] [d]oes not know her whereabouts." The court concluded that respondent is "mentally ill and dangerous to [her]self or others" and ordered her involuntarily committed to a mental health facility for a period not to exceed ninety days.

From the order of commitment, respondent appeals.

*Attorney General Edmisten, by Associate Attorney Augusta B. Turner, for petitioner appellee.*

*Dawson & Mabe, by Kenneth Clayton Dawson, for respondent appellant.*

WHICHARD, Judge.

[1] Respondent contends the court erred in denying her motion to dismiss on the ground that the petition was not duly sworn. We agree.

The space for the certifying officer's signature on the form "Petition for Involuntary Commitment" is blank. G.S. 122-58.3(a) provides that a person with "knowledge of a mentally ill . . . person who is dangerous to himself or others" may "execute an affidavit to this effect" which "shall include the facts on which the affiant's opinion is based." An affidavit is " '[a] written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.' " *Ogburn v. Sterchi Brothers Stores, Inc.*, 218 N.C. 507, 508, 11 S.E. 2d 460, 461 (1940) (quoting Black's Law Dictionary (2d Ed.) at 46). Documents which are not under oath may not be considered as affidavits. *Peace v. Broadcasting Corp.*, 22 N.C. App. 631, 634, 207 S.E. 2d 288, 290 (1974). The requirements of G.S. 122-58.3 must be followed diligently. *In re Hernandez*, 46 N.C. App. 265, 268, 264 S.E. 2d 780, 781 (1980). Because the statute "provides for a drastic remedy, it is encumbent upon all [who] use it to do so with care and exactness . . . ." *Samons v. Meymandi*, 9 N.C. App. 490, 497, 177 S.E. 2d 209, 213 (1970), *cert. denied*, 277 N.C. 458, 178 S.E. 2d 225 (1971) (decided under portion of statute since repealed). Where an involuntary commitment statute requires an oath and the requirement is not complied with, the person involuntarily committed is deprived of liberty without legal process. *Id.*

The petition for involuntary commitment could not be treated as an affidavit because it was not confirmed by oath or affirmation before a duly authorized certifying officer. It thus did not comply with the requirements of G.S. 122-58.3(a) and could not serve as a basis for respondent's involuntary commitment. The order of commitment therefore must be vacated.

[2] Respondent further contends the court erred in denying her motion to dismiss the petition for failure to state a claim upon which relief may be granted. We again agree.

"The statute clearly requires that the affidavit contain '*the facts* on which the affiant's opinion is based.'" *In re Reed*, 39 N.C. App. 227, 228, 249 S.E. 2d 864, 865 (1978). Mere conclusions of the affiant do not suffice. *Id.* The statement here that "[r]espondent has strange behavior and irrational in her thinking" is not a statement of fact but a pure conclusion of the affiant. It thus did not suffice to establish reasonable grounds for issuance of the commitment order. The remaining statements in the petition—"Leaves home and no one knows of her whereabouts, and at times spends the night away from home. Accuses husband of improprieties."—do not establish facts showing or tending to show that respondent is mentally ill or dangerous to herself or others. The petition thus satisfied neither statutory nor due process requirements; even if it had met the statutory requirement for an affidavit, which it did not, it was insufficient to establish reasonable grounds for issuance of a commitment order. *Reed*, 39 N.C. App. 227, 249 S.E. 2d 864.

Order vacated.

Judges WELLS and BECTON concur.