DAVIS, Judge.
 

 *435
 
 North Carolina law requires that a person who has been involuntarily committed to a mental health facility be examined by a physician within 24 hours of arrival at such a facility. In this case, the respondent was examined by a psychologist-rather than a physician-following her arrival at an inpatient mental health facility. The issue before us in this appeal is whether this statutory violation automatically requires us to vacate the trial court's order authorizing her continued commitment without the need for her to show that she was actually prejudiced by the violation. Because we conclude that no showing of prejudice was required under these
 
 *631
 
 circumstances, we vacate the trial court's order.
 

 Factual and Procedural Background
 

 On 26 December 2016, Yolanda Diaz filed an affidavit and petition for the involuntary commitment of her sister, E.D. ("Respondent") in which she alleged that Respondent was mentally ill and dangerous to herself or others. A Wake County magistrate found that reasonable grounds existed to believe the facts alleged in the petition were true and ordered Respondent to be held for examination.
 

 *436
 
 Respondent was transported to UNC Hospitals at 8:00 p.m. on 26 December 2016. The following day, she was examined by Dr. Katie Cheng. Dr. Cheng then completed a form labeled Examination and Recommendation to Determine Necessity for Involuntary Commitment. On this form, Dr. Cheng stated that in her opinion Respondent was mentally ill and dangerous to herself or others. Dr. Cheng recommended that she be committed to an inpatient treatment facility for a period of 15 days.
 

 As a result of Dr. Cheng's recommendation, Respondent was transferred to UNC Wakebrook Psychiatric Services ("UNC Wakebrook") later that same day. On 27 December 2016, a second examination of Respondent was conducted by Allison H. Williams, a psychologist. Williams formed the opinion that Respondent was mentally ill and a danger to herself or others and recommended inpatient commitment for a period of five to ten days. Respondent remained at UNC Wakebrook for the next nine days while awaiting an involuntary commitment hearing.
 

 A hearing was held on 5 January 2017 in Wake County District Court before the Honorable Dan Nagle. Following the hearing, the trial court entered an order concluding that Respondent was mentally ill and a danger to herself or others. The court ordered that she be committed to UNC Wakebrook for a period of inpatient treatment not to exceed 30 days. Respondent filed written notice of appeal on 27 January 2017.
 
 [1]
 

 Analysis
 

 N.C. Gen. Stat. § 122C-266 provides, in pertinent part, as follows:
 

 (a) Except as provided in subsections (b) and (e), within 24 hours of arrival at a 24-hour facility described in G.S. 122C-252, the respondent shall be examined by a physician. This physician shall not be the same physician who completed the certificate or examination under the provisions of G.S. 122C-262 or G.S. 122C-263. The examination shall include but is not limited to the assessment specified in G.S. 122C-263(c).
 

 N.C. Gen. Stat. § 122C-266(a) (2017). Thus, the statute plainly provides that involuntarily committed persons must be examined by a physician within one day of their arrival at a 24-hour facility.
 

 *437
 
 On appeal, Respondent asserts that because her 27 December 2016 examination was conducted by a psychologist rather than a physician, N.C. Gen. Stat. § 122C-266(a) was violated. It is well established that "[a]lleged statutory errors are questions of law[.]"
 
 State v. Mackey
 
 ,
 
 209 N.C. App. 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721,
 
 disc. review denied
 
 ,
 
 WHD, L.P. v. Lawyers Mut. Liability Ins. Co. of North Carolina
 
 ,
 
 365 N.C. 193
 
 ,
 
 707 S.E.2d 246
 
 (2011). We review questions of law
 
 de novo
 
 .
 

 Id.
 

 Under the
 
 de novo
 
 standard, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 632-33,
 
 669 S.E.2d 290
 
 , 294 (2008) (citation and quotation marks omitted).
 

 The State concedes that a violation of N.C. Gen. Stat. § 122C-266(a) occurred in this case. However, the State makes two arguments as to why the trial court's order should not be vacated. First, the State contends that Respondent has not adequately preserved this issue for appellate review. Second, it asserts that Respondent has failed to show that she was actually prejudiced by
 
 *632
 
 the error. We address each argument in turn.
 

 I. Preservation
 

 As an initial matter, the State asserts that Respondent has not properly preserved the issue she seeks to raise on appeal. The State contends that she waived the right to appellate review of this issue by failing to raise it before the trial court at the 5 January 2017 hearing.
 
 [2]
 

 Relying primarily on our decision in
 
 In re Moore
 
 ,
 
 234 N.C. App. 37
 
 ,
 
 758 S.E.2d 33
 
 ,
 
 disc. review denied
 
 ,
 
 367 N.C. 527
 
 ,
 
 762 S.E.2d 202
 
 (2014), the State argues that N.C. Gen. Stat. § 122C-266(a) merely confers a waivable right upon the subject of an involuntary commitment proceeding. In
 
 Moore
 
 , a respondent sought to challenge on appeal the sufficiency of the factual basis for his involuntary commitment as set out in the affidavit initiating the commitment.
 
 Id.
 
 at 41-42,
 
 758 S.E.2d at 36-37
 
 . Because the respondent "failed to raise the issue of the sufficiency of the affidavit during the first involuntary commitment hearing," this Court held that he had failed to preserve the argument for appeal.
 
 Id
 
 . at 42,
 
 758 S.E.2d at 37
 
 . We note, however, that
 
 Moore
 
 did not involve N.C. Gen. Stat. § 122C-266 -the statute at issue in the present appeal.
 

 In arguing that this issue should be deemed preserved despite her failure to assert it in the trial court, Respondent directs our attention to
 
 In re Spencer
 
 ,
 
 236 N.C. App. 80
 
 ,
 
 762 S.E.2d 637
 
 (2014),
 
 disc. review denied
 
 ,
 
 367 N.C. 811
 
 ,
 
 767 S.E.2d 529
 
 (2015), in which this Court interpreted
 
 *438
 
 N.C. Gen. Stat. § 122C-266(a) as a statutory mandate.
 
 Id
 
 . at 84-85, 762 S.E.2d at 640. In
 
 Spencer
 
 , the respondent was committed to Holly Hill Hospital following an initial examination performed by a physician in which it was determined that he was mentally ill and in need of inpatient treatment.
 
 Id
 
 . at 82, 762 S.E.2d at 639. Three days later, a hearing was held in which a psychiatrist-who qualified as a "physician" for purposes of N.C. Gen. Stat. § 122C-266(a) -testified that he had examined the respondent within 24 hours of his arrival at Holly Hill and believed that inpatient treatment of the respondent was necessary. Following the hearing, the trial court entered an involuntary commitment order.
 
 Id.
 

 On appeal to this Court, the respondent asserted that N.C. Gen. Stat. § 122C-266(a) had been violated because no written record existed of the second examination or the psychiatrist's findings resulting from that examination.
 
 Id.
 
 at 84, 762 S.E.2d at 640. As a result, he argued, the trial court's order should be vacated because "the record [did] not demonstrate that he was examined by a second physician within twenty-four hours of being admitted to Holly Hill Hospital, in violation of N.C. Gen. Stat. § 122C-266."
 
 Id
 
 .
 

 We determined that the issue was, in fact, preserved as a matter of law, stating that when a statutory mandate is violated the right to assert that issue on appeal is preserved despite the party's failure to object below. We stated that "the purpose of the second examination pursuant to N.C. Gen. Stat. § 122C-266 is to protect the rights of a respondent who has been taken to a medical facility immediately prior thereto to insure that he was properly committed."
 
 Id
 
 . at 85, 762 S.E.2d at 640 (citation, quotation marks, and brackets omitted).
 

 Thus,
 
 Spencer
 
 stands for the proposition that the second examination requirement contained in N.C. Gen. Stat. § 122C-266(a) is a statutory mandate-the violation of which is automatically preserved as an issue on appeal regardless of whether the respondent objects in the trial court. Accordingly, we reject the State's preservation argument.
 

 II. Need for Showing of Prejudice
 

 The State's final argument is that Respondent is not entitled to relief because she has failed to show that she was actually prejudiced by the fact that her second examination was not conducted by a physician. We disagree.
 

 *633
 
 In
 
 In re Barnhill
 
 ,
 
 72 N.C. App. 530
 
 ,
 
 325 S.E.2d 308
 
 (1985), this Court addressed the physician examination requirement under former
 
 N.C. Gen. Stat. §§ 122-58.3
 
 and -58.6-predecessor statutes to N.C. Gen. Stat. § 122C-266. In
 
 Barnhill
 
 , a physician executed an affidavit recommending
 
 *439
 
 inpatient commitment of the respondent, but no evidence existed that a second physician had conducted an examination of the respondent as required by statute.
 
 Id
 
 . at 531-32,
 
 325 S.E.2d at 309
 
 . At the respondent's hearing, the physician who submitted the affidavit for the initial commitment simply testified that he had transferred the respondent to the care of a second physician. No evidence was offered that the second physician had actually conducted an examination of the respondent.
 
 Id
 
 . at 532,
 
 325 S.E.2d at 309
 
 . We vacated the trial court's involuntary commitment order, stating the following:
 

 Petitioner contends that the record shows compliance with statutory provisions in that Dr. Blackburn testified that "I gave respondent under the care of Dr. Gomez, as I am not a psychiatrist." The above-quoted testimony contains the sole reference in this record to Dr. Gomez. We think it clear beyond peradventure that this testimony falls far short of establishing that a second qualified physician performed the examination required by G.S. 122-58.6. Our courts have held that the requirements of G.S. 122-58.3 must be followed diligently. Because the record shows that the statutory requirements were not complied with, we hold the order entered by the court must be vacated.
 

 Id
 
 . (internal citations, quotation marks, ellipsis, and brackets omitted). Nothing in
 
 Barnhill
 
 supports the proposition that a showing of prejudice is necessary by a respondent who failed to receive a statutorily required second examination.
 

 In attempting to demonstrate that such a showing of prejudice is, in fact, required, the State seeks to rely on
 
 Spencer
 
 . As noted above, in
 
 Spencer
 
 although no written records existed documenting the fact that a second physician had examined the respondent within 24 hours of his admission as required by N.C. Gen. Stat. § 122C-266(a), the undisputed evidence showed that such a second examination had actually been performed. We affirmed the trial court's commitment order, stating as follows:
 

 Here, respondent concedes that Dr. Saeed's testimony illustrates that he conducted an examination of respondent on 23 July 2013, the day after he was admitted to Holly Hill Hospital. Dr. Saeed's testimony indicated that he believed respondent to be mentally ill with a diagnosis of schizophrenia. Dr. Saeed also stated throughout his testimony that respondent was a danger to himself because he refused to take necessary medication, was unable to care
 
 *440
 
 for himself, and was unable to limit his fluids in order to keep his sodium level normal. On appeal, respondent does not contest the substance of Dr. Saeed's testimony, nor does he argue that he was improperly committed based on any insufficiency of Dr. Saeed's examination. Reviewing the record, we are unable to find that respondent was prejudiced by the absence of a written record of Dr. Saeed's findings. Based on the foregoing, we reject respondent's argument that the involuntary commitment order should be vacated.
 

 Spencer
 
 ,
 
 236 N.C. App. at 85
 
 , 762 S.E.2d at 640.
 

 The issue in
 
 Spencer
 
 was significantly different than the question presented here. Unlike the present case, it was undisputed in
 
 Spencer
 
 that the second physician examination required by N.C. Gen. Stat. § 122C-266
 
 had
 
 occurred in that the respondent was examined by a second physician within 24 hours of his arrival at the facility. Thus, although no documentation evidencing the second examination could be located, no dispute existed as to the fact that the examination had been conducted. Under those circumstances, this Court simply held that the respondent had not been prejudiced by the missing documentation.
 

 Spencer
 
 cannot be read as standing for the entirely separate proposition that in cases where-as here-the second examination requirement of N.C. Gen. Stat. § 122C-266(a) clearly has
 
 not
 
 been followed, a respondent must nevertheless show prejudice stemming from her failure to receive a second examination.
 

 *634
 
 Thus, we believe
 
 Spencer
 
 should be limited to its facts.
 

 Our holding today is that in cases where a respondent does not receive an examination by a second physician as mandated by N.C. Gen. Stat. § 122C-266(a), the respondent is not required to make a showing of prejudice resulting from the statutory violation in order to have the trial court's order authorizing her continued commitment vacated. In the present case, because Respondent has established precisely such a statutory violation, the trial court's involuntary commitment order must be vacated.
 

 Conclusion
 

 For the reasons stated above, we vacate the trial court's 5 January 2017 order.
 

 VACATED.
 

 Judges CALABRIA and TYSON concur.
 

 [1]
 

 We note that although Respondent's commitment period has expired, her appeal is not moot given the "possibility that [R]espondent's commitment in this case might ... form the basis for a future commitment, along with other obvious collateral legal consequences[.]"
 
 In re Hatley
 
 ,
 
 291 N.C. 693
 
 , 695,
 
 231 S.E.2d 633
 
 , 635 (1977).
 

 [2]
 

 Respondent does not dispute the fact that she failed to raise this issue during her involuntary commitment hearing.