MURPHY, Judge.
 

 Respondent's (K.J.) sole argument on appeal is that the
 
 Affidavit and Petition for Involuntary Commitment
 
 ("Petition") supporting the trial court's involuntary commitment order was insufficient. Respondent failed to challenge the sufficiency of the affidavit during the hearing before the District Court, and our binding precedent mandates that the argument is waived. We dismiss Respondent's appeal.
 

 BACKGROUND
 

 This action commenced when Richard Benson II, M.D. ("Dr. Benson"), signed a Petition requesting that Respondent be involuntarily committed. Dr. Benson's Petition alleged Respondent was mentally ill and a danger to herself and others. Dr. Benson stated his conclusion was based upon the following facts: "Aggressive behavior/HI/psychosis [.]" An involuntary commitment hearing
 
 *754
 
 was held in Granville County District Court, and Respondent was subsequently committed for a period not to exceed 45 days, followed by outpatient commitment for a period not to exceed 45 days. At that hearing, Respondent did not object to the Petition or argue it did not present a valid factual basis to support an involuntary commitment. Respondent now appeals, arguing Dr. Benson's Petition did not state facts sufficient to grant the trial court subject matter jurisdiction over the commitment hearing.
 

 ANALYSIS
 

 Respondent's only argument on appeal is that the trial court lacked jurisdiction to order a commitment because Dr. Benson's Petition lacked sufficient facts to show reasonable grounds for involuntary commitment. Indeed, before a trial court may enter a commitment order, there must be an underlying petition that alleges facts sufficient to show reasonable grounds that the person is mentally ill and a danger to himself or others. N.C.G.S. § 122C-261(a) (2017) ;
 
 In re Reed
 
 ,
 
 39 N.C. App. 227
 
 , 227-29,
 
 249 S.E.2d 864
 
 , 865-66 (1978). However, our caselaw requires respondents to "raise issues with the affidavit, petition, or custody order in the first involuntary commitment hearing ...."
 
 In re Moore
 
 ,
 
 234 N.C. App. 37
 
 , 42,
 
 758 S.E.2d 33
 
 , 37 (2014). Otherwise, we must hold that "respondent has waived any challenge to the sufficiency of the affidavit to support the magistrate's original custody order."
 

 Id.
 

 Here, it is undisputed that Respondent did not challenge the sufficiency of the Petition during the initial involuntary commitment hearing. This issue, which is Respondent's only argument on appeal, is deemed waived, and this appeal is dismissed.
 

 CONCLUSION
 

 Respondent's only argument on appeal is waived because it was not raised during Respondent's initial involuntary commitment hearing.
 

 DISMISSED.
 

 Judges BRYANT and DIETZ concur.