IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-639

 Filed: 3 September 2019

Granville County, No. 17 SPC 50833

IN THE MATTER OF: K.J.

 Appeal by Respondent from Order entered 2 November 2017 by Judge Adam

S. Keith in Granville County District Court. Heard in the Court of Appeals 12

February 2019.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron
 Thomas Johnson, for respondent-appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General John Tillery,
 for the State.

 MURPHY, Judge.

 Respondent’s (K.J.) sole argument on appeal is that the Affidavit and Petition

for Involuntary Commitment (“Petition”) supporting the trial court’s involuntary

commitment order was insufficient. Respondent failed to challenge the sufficiency of

the affidavit during the hearing before the District Court, and our binding precedent

mandates that the argument is waived. We dismiss Respondent’s appeal.

 BACKGROUND

 This action commenced when Richard Benson II, M.D. (“Dr. Benson”), signed

a petition requesting that Respondent be involuntarily committed. Dr. Benson’s

Petition alleged Respondent was mentally ill and a danger to herself and others. Dr.
 IN RE: K.J.

 Opinion of the Court

Benson stated his conclusion was based upon the following facts: “Aggressive

behavior/HI/psychosis[.]” An involuntary commitment hearing was held in Granville

County District Court, and Respondent was subsequently committed for a period not

to exceed 45 days, followed by outpatient commitment for a period not to exceed 45

days. At that hearing, Respondent did not object to the Petition or argue it did not

present a valid factual basis to support an involuntary commitment. Respondent

timely appeals.

 ANALYSIS

 Respondent’s only argument on appeal is that Dr. Benson’s Petition lacked

sufficient facts to show reasonable grounds for involuntary commitment. Indeed,

before a trial court may enter a commitment order, there must be an underlying

petition that alleges facts sufficient to show reasonable grounds that the person is

mentally ill and a danger to himself or others. N.C.G.S. § 122C-261(a) (2017); In re

Reed, 39 N.C. App. 227, 227-29, 249 S.E.2d 864, 865-66 (1978). However, our caselaw

requires respondents to “raise issues with the affidavit, petition, or custody order in

the first involuntary commitment hearing . . . .” In re Moore, 234 N.C. App. 37, 42,

758 S.E.2d 33, 37 (2014). Otherwise, we must hold that “respondent has waived any

challenge to the sufficiency of the affidavit to support the magistrate’s original

custody order.” Id. Here, it is undisputed that Respondent did not challenge the

sufficiency of the Petition during the initial involuntary commitment hearing. This

 -2-
 IN RE: K.J.

 Opinion of the Court

issue, which is Respondent’s only argument on appeal, is deemed waived, and this

appeal is dismissed.

 CONCLUSION

 Respondent’s only argument on appeal is waived because it was not raised

during Respondent’s initial involuntary commitment hearing.

 DISMISSED.

 Judges BRYANT and DIETZ concur.

 -3-